# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 18-0589V
UNPUBLISHED

| | |
|---|---|
| PATRICIA MERSON,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                    Respondent. | **Filed: March 9, 2020**<br><br>Chief Special Master Brian Corcoran<br><br>Special Processing Unit (SPU); Fact Hearing; Findings of Fact; Onset; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Bridget Candace McCullough, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Ronalda Elnetta Kosh, U.S. Department of Justice, Washington, DC, for respondent.*

## FACT RULING[1]

On April 25, 2018, Patricia Merson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") caused by an influenza ("flu") vaccine she received on November 15, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. For the reasons discussed below, I find that the onset of Ms. Merson's left shoulder SIRVA was within 48 hours of her November 15, 2016 flu vaccination.

---

[1] I intend to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I.      Procedural History Prior to Hearing

On April 25, 2018, Ms. Merson filed her petition and medical records marked as exhibits 1-4. (ECF No. 1.)  On May 2, 2018, she filed two witness affidavits (exhibits 5-6) with a Statement of Completion.  (ECF Nos. 6-7.)

On March 26, 2019, Respondent filed a status report stating that he was not interested in pursuing settlement discussions and intended to file a Rule 4(c) report. (ECF No. 25).

On June 21, 2019, Respondent filed his Rule 4(c) Report. (ECF No. 27.) Respondent recommended against awarding compensation to Petitioner in this case, arguing, *inter alia*, that the record is insufficient to substantiate that the onset of Petitioner's left shoulder symptoms began within 48 hours of vaccination.  *Id*. at 7. Respondent argued that Petitioner first reported her shoulder symptomatology to a medical professional nearly five months after vaccination.  *Id.* citing Pet. Ex. 2 at 1. Respondent argued that "[a]lthough the medical records note that petitioner's pain began 'after' vaccination, those reports are vague, and nothing more than a record of petitioner's oral statements.  No doctor actually opined that petitioner's November 15, 2016 flu vaccination was the cause of the alleged injury."  *Id*. at 7-8.   Respondent further argued that I cannot find that a vaccine-related injury occurred solely "based on the claims of a petitioner … petitioner's claims must be substantiated by medical records, or by a credible expert medical opinion."  Therefore, Respondent states that the medical records fail to establish that Petitioner's symptoms began within 48 hours after vaccination.  *Id.;* 42 U.S.C. § 300aa-13(a)(1).

On September 6, 2019, Petitioner filed a supplemental affidavit where she explained that she did not have a primary care provider in the three years prior to vaccination.  Pet. Ex. 9.  The affidavit also describes in detail how the vaccine injury has affected Petitioner's quality of life.  *Id*.  The affidavit did not provide any additional details as to why Petitioner waited nearly five months to be seen for her shoulder injury.

On October 21, 2019, a fact hearing was scheduled to decide the issue of onset. (ECF No. 26.) The parties filed witness lists in January 2020, and a fact hearing was held on February 11, 2020.

## II.      Fact Hearing

Petitioner and her daughter testified at the hearing. At the conclusion of the proceeding, I issued a ruling from the bench finding that the submitted evidence (including the medical records, affidavits, and the credible witness testimony) preponderates in favor of Petitioner. *See* Hearing Transcript ("Tr."), filed February 28, 2020 (ECF No. 45), at 98-104.  Additional citations to the record and the underlying relevant evidence is set forth in the hearing transcript.  *Id*.  Thus, I find that the onset of Petitioner's left shoulder pain was within 48 hours of her November 15, 2016 flu vaccination.

### III.     Conclusion

**In light of all of the above, and in view of the submitted evidence, including the medical records, credible witness testimony, and findings of fact, I find that the onset of Petitioner's left shoulder pain was within 48 hours of her November 15, 2016 flu vaccination.**

**The deadlines set forth in the February 11, 2020 Scheduling Order remain in effect.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master